The Chief Justice
delivered the opinion.*
This was a suit in chancery, brought by the appellant, a citizen of New York, against the appellees, some of whom are not'within this country, and are alleged to be indebted to the appellant, and the others are within this country, and are alleged to be indebted to, or to hare in their bauds efo fects of the absent defendants.
On filing the bill, the appellant, under the '“act directing the method of proceeding in courts of equity against ab* sent defendants, &o.” 1 Littell, 592, obtained an injunction, restraining the defendants in this country,from paving, conveying away, or secreting the debts they owed to, or the effects they bad in their hands of, the absent defendants.
Some of the defendants in this country answered the bill, and admitted the material allegations as to them, and against the other defendants in this counrty, as well a? the a{,8ent defendants, the bill was taken for confessed,
On a final hearing, the circuit court being of opinion that act under which these proceedings were had, was de-s¡gDe(j for the benefit of residents of this state only, and does not authorise such esparte proceeding in favor of straa-gers, against those who had never been residents of the the state, and that the affidavit on which the injunction was wholly insufficient, decided, the injuríe-to be dissolved, and the bill io be dismissed; and from decree, this appeal is prosecuted,
We caoDot concur with the circuit court, in the construe-? lion of the act of assembly, under which these proceedings had. There is no expression in the act, confining the benefit of its provisions to the citizens or residents of this state; on the contrary, the expressions are general, and *267 apply in terras to “any suit depending or commenced in any court of chancery in this commonwealth, against my de-fendunt or defendants who may be out tf the country, and others within the s&men without regard to the residence oí citizenship of the complainant.
T. F. Tetbolt for appellant.
Where the language of a statute is thuS explicit, there can be no room for exposition. The rule in such casé is italexscripta est. But were the language of the act ambiguous or doubtful, we would not think ourselves at liberty so to construe it, as to exclude from the benefit of its provisions, the citizens of the other states of the union. Such a construction would be, obviously, opposed to the letter, as well as the spirit of that clause in the constitution of the United Slates, which provides, that “the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states”, and consequently, would be inadmissible,
Nor is it material, whether the absent defendants éyeí were citizens or residents Of this state or not. In either case, the words of the act are sufficiently broad id embrace the case, and they, no doubt, truly express the intention of the legislature. The preamble of the act of Virginia, of 1744, which was the first that was passed upon the subject, shews, that it was the difficulty of collecting debts due from persons residing without that country, which produced the enactment of the law, and it is believed td have been the uniform practice ever since, under the various re-enactments of the law which have taken place, both in Virginia and this country, to proceed against absent debtors, without regard to the circumstance, whether they had been residents of the state or not.
With respect to the affidavit upon which the order for an injunction was obtained, we will barely remark, that it was fwnctus officio, and whether it was sufficient or not, to have authorised the order, granting the injunction, was Wholly immaterial on the final hearing of the cause.
The decree must be reversed with costs, and the cause remanded, that a decree may be entered for the eompfaiu-aut, and such further orders and proceedings had, as may accord with the act of assembly in such cases provided*

 Absent. Judge Mills.